IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINETTE R., : | | CIVIL ACTION |
| Plaintiff : | | |
| : | | |
| v. : | | |
| : | | |
| MARTIN O'MALLEY,[1] : | | |
| Commissioner of the : | | |
| Social Security Administration, : | | |
| Defendant : | | NO. 23-3802 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                June 20, 2024

Antoinette R. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Social Security Administration Commissioner's ("the Commissioner") final decision, denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff filed a brief supporting her request for review, the Commissioner responded to it, and Plaintiff has filed a reply brief. For the reasons set forth below, Plaintiff's Request for Review will be granted, and Judgment will be entered in Plaintiff's favor and against Defendant.

**I.        PROCEDURAL HISTORY**[2]

On March 24, 2021, Plaintiff applied for DIB and SSI, alleging disability beginning July 10, 2020, R. at 25, caused by the following medical impairments: DeQuervain's tendinitis of the right upper extremity, asthma, obstructive sleep apnea, right wrist fracture status-post surgery,

---

[1] Martin O'Malley became Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Fed. R. Civ. P. 25(d), Mr. O'Malley is substituted as Defendant in this suit. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action needs to be taken to continue this suit.
[2] This court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl.'s Br."), Defendant's Response to Request for Review of Plaintiff ("Def.'s Resp."), Plaintiff's Reply Brief ("Pl.'s Reply"), and the administrative record ("R.").

right tibia fracture status-post surgery and revision of same, degenerative joint disease of the sacroiliac joints, degenerative disc disease of the lumbar spine with mild stenosis of the spinal canal at L3-4 and L4-5, lumbar herniated disc, and obesity.[3] R. at 28. The Social Security Administration ("SSA") initially denied Plaintiff's claim on September 27, 2021, and upon reconsideration on February 25, 2022, so she requested a hearing. *Id.* at 25. On August 4, 2022, Plaintiff appeared telephonically, before Administrative Law Judge Elana Hollo ("the ALJ") for that administrative hearing. *Id.* at 54. Plaintiff, represented by an attorney, and vocational expert, Denise Cordes ("the VE"), testified at the hearing. *Id.* at 57-79. On September 2, 2022, the ALJ, using the sequential evaluation process for disability,[4] issued an unfavorable decision. *Id.* at 26. The Appeals Council denied Plaintiff's request for review, on August 10, 2023, making the ALJ's

---

[3] Plaintiff also presented diagnoses of bipolar disorder, anxiety disorder, migraine headaches, celiac disease, asthma, urinary dysfunction, foot pain, and traumatic brain injury. R. at 28. The ALJ, however, found these impairments to be non-severe. *Id.*

[4] The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1. If claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. If claimant is found not to have a severe impairment which significantly limits her physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. If claimant is impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5. The Commissioner will determine whether, given claimants residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

2

findings the Commissioner's final determination.  *Id.* at 1.

## II.   FACTUAL BACKGROUND

A.   Plaintiff's Personal History

Plaintiff, born on December 7, 1997, R. at 44, was 24 years old when the ALJ rendered her decision.  On July 10, 2020, Plaintiff was struck by a car as a pedestrian and suffered significant injuries.  R. at 468, 501.

B.   Plaintiff's Testimony

At the August 4, 2022 administrative hearing, Plaintiff testified regarding limitations that she alleges result from physical impairments and prevent full-time employment.[5]  Plaintiff explained that she experiences daily bilateral leg pain from her knees to her toes.  R. at 58.  She is currently not receiving treatment for her legs.  *Id.* at 59.  However, she sees an orthopedic specialist for her knee pain and receives occasional shots.  *Id.* at 61.

The ALJ asked Plaintiff what the longest period was that she could stand without needing to change positions.  *Id.* at 61.  Plaintiff replied that she would need to change positions after more than one minute.  *Id.*  As for sitting, the Plaintiff stated that she must continually shift her body.  *Id.*  Plaintiff further testified that she requires an assistive ambulatory device every day.  *Id* at 62.

Although Plaintiff has a driver's license, she does not drive.  *Id.* at 65.  Plaintiff lives alone and receives seventy hours a week of assistance with her daily living activities, including showering and dressing, from a home healthcare aide.  *Id.* at 64-65.

C.   Vocational Expert's Testimony

At the administrative hearing, the VE testified.  She characterized Plaintiff's past positions

---

[5] Plaintiff testified regarding mental health treatment; she sees a therapist once a week and a psychiatrist once every two weeks. R. at 64. As part of her treatment, she is prescribed medications, which produce no noticeable side effects. *Id.*

as the equivalent of a home attendant, which is semi-skilled,[6] typically at a medium[7] level of exertion. R. at 69. The VE noted, however, that Plaintiff performed her previous work at a heavy[8] level of exertion. *Id.*

The ALJ's first hypothetical asked the VE to consider an individual of Plaintiff's age, education, and past work experience who could perform work at the sedentary[9] exertional level and who "occasionally climb[s] ramps or stairs, never climb[s] ladders, ropes or scaffolds, occasionally stoop[s], crouch[es] and kneel[s], [and] never crawl[s]." *Id.* This hypothetical individual could:

> have only frequent push/pull[ing] with the upper extremities bilaterally, only occasional overhead reaching with the upper extremities bilaterally and then frequent reaching in all other directions with the right upper extremity, which is the dominant and only frequent handling, fingering and feeling with the right upper extremities and then occasional reaching in all other directions, that other being then the overhead and occasional handling, fingering or feeling with the left upper extremity. [The individual] would need to avoid concentrated exposure to cold, wetness, vibrations, unprotected heights and moving machinery, no foot control operations with the right lower extremity and would be limited to jobs that could be performed while using an assistive device, in this case a handheld cane, as needed for ambulation.

---

[6] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties. Semi-skilled jobs may require alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; or tending or guarding equipment, property, materials, or persons against loss, damage or injury; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work. A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hand or feet may be moved quickly to do repetitive tasks." 20 C.F.R. §§ 404.1568(b), 416.968(b).

[7] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

[8] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work." 20 C.F.R. §§ 404.1567(d), 416.967(d).

[9] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

*Id.* at 69-70.  The VE responded that, while none of Plaintiff's past work would be possible, she, nonetheless, could perform the unskilled[10] and sedentary exertional level jobs of: (1) weight tester, 31,000 positions nationally; (2) dowel inspector, 12,000 positions nationally; and (3) order clerk, 19,000 positions nationally.  *Id.* at 70-71.

The ALJ's second hypothetical asked the VE to consider a person of Plaintiff's exact age and education, with the additional limitation of requiring a handheld assistive device, such as a walker, for ambulation.  *Id.* at 71.  The VE replied that each outlined position would still be available since none required standing and walking.  *Id.*

Finally, no work would be available in the national economy if, in addition to restrictions presented in the two hypotheticals, the person "could sit, stand and walk for less than eight hours out of an eight-hour workday."  *Id.*

### III. THE ALJ'S FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through March 31, 2023.

2. [Plaintiff] has not engaged in substantial gainful activity since July 10, 2020, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. [Plaintiff] has the following severe impairments: DeQuervain's tendinitis of the right upper extremity; asthma; Obstructive Sleep Apnea (OSA); fracture of right wrist (status-post surgery); right tibia fracture (status-post surgery and revision of the same); Degenerative Joint Disease (DJD) of the sacroiliac joints, and Degenerative Disc Disease (DDD) of the lumbar spine with mild stenosis

---

[10] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.  The job may or may not require considerable strength.  For example, we consider jobs unskilled if the primary work duties are handling, feeding and offbearing (that is, placing or removing materials from machines which are automatic or operated by others), or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed.  A person does not gain work skills by doing unskilled jobs."  20 C.F.R. §§ 404.1568(a), 416.968(a).

of the spinal canal at L3-4 and L4-5; lumbar herniated disc; and obesity (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can only occasionally climb ramps or stairs, as well as stoop, crouch, and kneel; however, she can never climb ladders, ropes, or scaffolds, or crawl. She can frequently push/pull with the bilateral upper extremities. She can engage in occasional overhead reaching bilaterally. She can frequently reach in all other directions as well as handle, finger, and feel with the dominant right upper extremity. She is limited to occasional reaching in all other directions as well as handling, fingering, and feeling with the non-dominant left upper extremity. She cannot operate foot controls with the right lower extremity. [Plaintiff] must avoid concentrated exposure to extreme cold, wetness, vibrations, unprotected heights, and moving machinery. Further, [Plaintiff] is limited to jobs that can be performed while using an assistive device (e.g., hand-held cane) as needed for ambulation.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Plaintiff] was born on December 7, 1997, and was 22 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," regardless of whether [Plaintiff] has transferable job skills (see SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering [Plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from July 10, 2020, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

R. at 28, 32, 34, 43-45.

## IV.   DISCUSSION

A.   Standard of Review

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed if substantial evidence supports them.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

Overall, this test is deferential to the ALJ.  *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  The court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo*, might have reached a different conclusion.  *Id.*  Indeed, the court may not undertake a *de novo* review of the Commissioner's decision by reweighing the record evidence itself.  *Chandler v.*

7

*Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *Monsour Med. Ctr.*, 806 F.2d at 1190-91. Nor is the court permitted to "impose [its] own factual determinations." *Chandler*, 667 F.3d at 359; *see Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) ("We also have made clear that we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder."). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.  <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she cannot engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents returning to their past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that the impairment results in functional limitations to performing their past relevant work, then the burden of proof shifts to the Commissioner to prove that work exists in the national economy, which Plaintiff can perform

8

given their age, education, work experience, and residual functional capacity. *See Poulos,* 474 F.3d at 92; *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

C.        <u>Review of the Administrative Law Judge's Decision</u>

Applying the sequential evaluation process, the ALJ concluded that Plaintiff could not perform any of her past relevant work. R. 43. However, she could perform other work in the national economy, since other suitable jobs exist in significant numbers. *Id.* at 44. Appropriate jobs included those identified by the VE: (1) weight tester, 31,000 positions nationally; (2) dowel inspector, 12,000 positions nationally; and (3) order clerk, 19,000 positions nationally. *Id.* at 45. The ALJ concluded that, based on Plaintiff's age, education, work experience, and residual functional capacity ("RFC"), she was not disabled from July 10, 2020, through the date of her decision, September 2, 2022. *Id.*

At the administrative hearing, Plaintiff stated that the symptoms of her physical impairments preclude her from performing her prior or any other type of work. *Id.* at 58. In her brief, Plaintiff argues that remand is warranted, because the ALJ erred when she failed to account for her need to frequently alternate from sitting to standing/walking, as SSA policy requires. Pl.'s Br. at 2. The Commissioner denies Plaintiff's assertions, states that substantial evidence supports the ALJ's RFC, and that the ALJ properly evaluated the evidence at issue. Def.'s Resp. at 2. More specifically, Defendant contends that Plaintiff is not entitled to additional limitations beyond those assessed by the ALJ. *Id.*

<u>The ALJ Committed Reversible Legal Error When She Failed to Make a Specific Finding About Whether a Sit/Stand Option is Part of Plaintiff's RFC</u>

Plaintiff argues that the ALJ failed to consider her testimony requiring "significant standing/walking limitations and the need to alternate between these positions frequently." Pl.'s Br. at 15. Defendant argues that substantial evidence supports the ALJ's determination that

9

Plaintiff's lower extremity impairments do not warrant additional limitations, specifically the need to alternate between sitting and standing frequently. Def.'s Resp. at 2. This court finds that Plaintiff is entitled to relief because the ALJ committed reversible legal error when she failed to account for Plaintiff's possible need to alternate between sitting and standing frequently.

SSR 83-12, 1983 SSR LEXIS 32 states that if a person "must alternate periods of sitting and standing," she "is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work."

The ALJ concluded that Plaintiff's lower extremity impairments had limiting, but not disabling, symptoms. *Id.* at 41. Plaintiff testified that she had chronic pain and dysfunction due to back and leg injuries that rendered her disabled. R. at 58. She said that she requires an ambulatory assistive device and can only walk 5-7 feet without one. *Id.* at 61-62. Her ability to sit/stand, and for what intervals, is also at issue in the medical opinion evidence, which the ALJ summarized in her opinion. However, she never clearly determined whether Plaintiff was entitled to any sit/stand option and, if so, the appropriate intervals. Furthermore, the VE did not opine on whether any jobs would exist based on such an option. The ALJ's failure to account for Plaintiff's possible need to sit/stand frequently in her RFC is legal error that requires remand. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) ("Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence.") (citation omitted).

The court will remand for the ALJ to clearly state whether Plaintiff's testimony is consistent with the record evidence regarding her need to sit/stand frequently, if such an option

should be part of her RFC, and to determine whether additional testimony by the VE is warranted.

## V.   CONCLUSION

A thorough review of the relevant law and the record indicates that the ALJ committed reversible legal error. Accordingly, Plaintiff's Request for Review is granted. An implementing Order and Order of Judgment follow.